UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CAROL SAVIOLA, | 03-CV-0438E(Sc) |
| Plaintiff, | MEMORANDUM |
| -vs- | and |
| JUDITH ZACHER individually and d/b/a<br>  The Courtyards and<br>ZACHER HEALTH CARE, | ORDER[1] |
| Defendants. | |

---

Plaintiff commenced this action against her former employer, defendants

Judith Zacher, Zacher Health Care and The Courtyards — an adult care facility

located in Hamburg, New York —[2], on June 9, 2003 and filed an Amended

Complaint on April 30, 2004.   Plaintiff alleges that defendants unlawfully

terminated her on the basis of her age in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §621, and the New York State Human Rights

Law ("NYHRL"), N.Y. Exec. Law §296.  Defendants moved for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCvP") seeking to

dismiss plaintiff's claims. For the reasons set forth below, defendants' Motion will

be granted.

---

[1]This decision may be cited in whole or in any part.

[2]Judith Zacher is the sole proprietor of The Courtyards and Zacher Health Care is a
non-legal entity operating skilled nursing and assisted living facilities, one of which is The
Courtyards.

The facts, viewed in the light most favorable to plaintiff — the non-moving party —, are found as follows and are undisputed except where otherwise noted. Plaintiff was employed by defendants as a Personal Care Aid ("PCA") at The Courtyards from January 13, 1998 until her termination on May 29, 2001, at which time she was 63 years old. Plaintiff was on medical leave from May 2, 2001 to the date of her termination. Nicole Friedman was The Courtyards's Director of Nursing and plaintiff's immediate supervisor from 1999 to 2001. On May 14, 2001, while plaintiff was away from work on medical leave, PCA Rebecca O'Sullivan reported to Friedman that resident Ruth Bozeman was upset and embarrassed because plaintiff had, on a prior date, allegedly told her that she "smelled like a French hooker." Friedman asked The Courtyards's social worker, Stacy Waite, to interview Bozeman about the alleged incident. Bozeman, who according to defendants was mentally alert and aware, confirmed the incident. Friedman and Rich Zacher, the Administrator of The Courtyards, discussed the incident and decided to terminate plaintiff. Such was conveyed to plaintiff upon her return from medical leave on May 29, 2001.

Plaintiff contends that her termination was discriminatory, claiming that she did not make the remark to Bozeman and that defendants fabricated the incident as a pretext for unlawfully terminating her based on her age. In support of her claim, plaintiff asserts that she had received positive performance evaluations prior to her medical leave, after which she claims that she received

three disciplinary action forms.  Furthermore, plaintiff alleges that Friedman had disliked her for quite some time and, as a result, was consistently stricter in enforcing policies with plaintiff than with other PCAs.  Friedman would frequently ask plaintiff if she was going to retire or reduce her hours.  Plaintiff — allegedly reluctantly — agreed to reduce her hours from an average of 37.5 hours per week to between 28 and 30 hours per week.  Defendants claim that Friedman asked plaintiff about her retirement plans every month because Friedman was responsible for scheduling the PCAs, which plaintiff does not dispute.

Plaintiff, in addition, alleges that younger PCAs were not terminated for similar misconduct.  Debbie Delaney, 25 years younger than plaintiff, said to a PCA about a resident, "shame on you, you stink" and received a discipline form noting her improper behavior.  Jennifer Schoenle, 33 years younger than plaintiff, rushed a resident when the resident was taking a shower and had to apologize or be suspended. Rebecca O'Sullivan, 15 years younger than plaintiff, would arrive at work intoxicated and would be sent home.  Kristie Pannullo, 37 years younger than plaintiff, directed profanity at other PCAs in front of a resident, but was never disciplined.

Between plaintiff's last day of work prior to her medical leave — May 2, 2001 — and the day that plaintiff was terminated — May 29, 2001 —, Friedman hired four PCAs who where significantly younger than plaintiff.  In fact, all eighteen PCAs hired by Friedman were significantly younger than plaintiff.  After

being terminated, plaintiff filed a charge of age discrimination with the New York State Division of Human Rights, received her right-to-sue letter and commenced the instant action.

Summary judgment may be granted if the evidence offered shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FRCvP 56(c).  There is no genuine issue for trial unless the evidence offered favoring the non-moving party would be sufficient to sustain a jury's verdict for that party.  *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, when reasonable minds could not differ as to the outcome of an issue, summary judgment is appropriate on that issue.  *Id.* at 251-252.  The moving party initially bears the burden of showing that no genuine issue of material fact is present but the opposing party must then "set forth specific facts showing that there is a genuine issue for trial."  *Id.* at 250.  If the non-moving party fails to establish, after a reasonable opportunity for discovery, the existence of an element essential to that party's claim and on which it will bear the burden of proof at trial, summary judgment is appropriate because such failure to establish an essential element of the case renders all other facts immaterial.  *See Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322-323 (1986).

When assessing the record in making a summary judgment determination, a court must view all ambiguities and factual inferences in the light most favorable to the non-moving party.  *Adickes* v. *S.H. Kress & Co.*, 398 U.S. 144, 157

(1970).  However, the non-moving party "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible."  FRCvP 56(e); *Gottlieb* v. *County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

Of course, the summary judgment standard applies with equal force to discrimination cases as it does in other cases.  *See Ashton* v. *Pall Corp.*, 32 F. Supp. 2d 82, 87 (E.D.N.Y. 1999) ("[T]he salutary purposes of summary judgment — avoiding protracted, expensive and harassing trials — apply no less to discrimination cases than to commercial or other areas of litigation.") (quoting *Meiri* v. *Dacon*, 759 F.2d 989, 998 (2d Cir. 1985)).  However, courts must be aware of the fact that evidence of discrimination is rarely overt.  *See Bickerstaff* v. *Vassar Coll.*, 196 F.3d 435, 448 (2d Cir. 1999) ("[E]mployers are rarely so cooperative as to include a notation in the personnel file that the [adverse employment action] is for a reason expressly forbidden by law.") (quoting *Ramseur* v. *Chase Manhattan Bank*, 865 F.2d 460, 464-465 (2d Cir. 1989)).  In addition, courts must "also carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture."  *Ibid.*  Thus, the issue for the court is "whether the evidence can reasonably and logically give rise to an inference of discrimination under all of the circumstances."  *Ibid.*

Defendants first claim that plaintiff's opposition to defendants' Motion violates the Local Rules of Civil Procedure ("LRCvP") and thus defendants' facts should be deemed admitted.  Plaintiff failed to comply with LRCvP 7.1(e) in that she failed to file a memorandum of law in opposition to defendants' Motion and with LRCvP 56.1(d) in that she failed to cite each statement in her statement of material facts to evidence.  She did, however, file an Answering Affidavit in which she asserted facts in dispute and cited each such statement to evidence.  Failure to comply with LRCvP 7.1(e) and 56.1(d) does not necessarily warrant dismissal and the Court will make its findings of facts based on plaintiff's and defendants' papers in light of the evidence before the Court.

Defendants, in moving for summary judgment, claim that plaintiff's case should be dismissed because she cannot meet her burden.  Plaintiff alleges that defendants violated the ADEA and NYHRL.  The ADEA and NYHRL claims are analyzed under the same burden-shifting framework espoused in *McDonnell Douglas Corp.* v. *Green*, 411 U.S. 792 (1973), and its offspring as Title VII discrimination claims.  *Abdu-Brisson* v. *Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("[A]ge discrimination suits brought under the [NYHRL] are subject to the same analysis as claims brought under the ADEA[, which are analyzed] under the same burden shifting framework as claims brought pursuant to Title VII of the Civil Rights Act of 1964, as amended.").  Section 623(a) of the ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual

or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age". 29 U.S.C. §623(a) (1991). In bringing an age discrimination case under the ADEA, a plaintiff bears the initial burden of making out a *prima facie* case. *St. Mary's Honor Ctr.* v. *Hicks*, 509 U.S. 502, 506 (1993); *Texas Dep't of Cmty. Affairs* v. *Burdine*, 450 U.S. 248, 252-253 (1981). If the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the alleged employment action. *Burdine*, at 253 (quoting *McDonnell Douglas*, at 802). Finally, "should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Ibid.* (quoting *McDonnell Douglas*, at 804).

To make out a *prima facie* case of age discrimination under the ADEA, plaintiff must allege that (1) she is a member of a protected class, (2) she was performing her job satisfactorily, (3) she was subjected to an adverse employment action and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *McDonnell Douglas*, at 802; *Graham* v. *Long Island Rail Road*, 230 F.3d 34, 38 (2d Cir. 2000). In moving for summary judgment, defendants assert that plaintiff, although a member of a protected class who was discharged, cannot show that she was terminated under circumstances

raising an inference of discrimination and thus fails to meet her *prima facie* burden.  In the alternative, defendants contend that they are able to articulate a legitimate, non-discriminatory reason for plaintiff's termination — to wit, that plaintiff made an offensive remark to a resident —, which plaintiff cannot show is a pretext for discrimination.  Plaintiff, on the other hand, claims that defendants did not terminate substantially similar younger PCAs for misconduct and that defendants' allegedly legitimate reason thus is a pretext for discrimination.

To establish the fourth element of the *McDonnell Douglas* test, plaintiff must show that she was treated differently from employees outside her protected class with whom she was "similarly situated in all material respects."  *Shumway* v. *United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997) (citation and quotations omitted).  What constitutes "all material respects" varies from case to case and must be judged based on (1) whether plaintiff and those she maintains were similarly situated were subject to the same workplace standards, performance evaluations and/or discipline standards and (2) whether the conduct for which the employer imposed discipline was of comparable seriousness. *Graham*, at 39-40. The conduct need not be identical; the acts need only be of "comparable seriousness." *Id.* at 39 (finding that the standard for comparing conduct requires a "reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical"). Defendants argue that plaintiff has not identified a similarly situated employee who engaged in similar conduct.

Plaintiff has identified four younger PCAs who engaged in misconduct that did not result in their termination. Defendants claim, however, that the four PCAs did not direct offensive remarks at residents and thus their conduct was not of comparable seriousness. Defendants claim (1) that PCA Delaney's comment was made to another PCA and not to a resident and the complaint about Delaney's comment was made by another PCA and not by a resident, (2) that PCA Schoenle's conduct of rushing a resident is less severe than plaintiff's misconduct, (3) that PCA O'Sullivan's arrival at work intoxicated is a different category of misconduct than that in which plaintiff engaged and (4) that PCA Pannullo's misconduct was directed at other PCAs and not at residents. Defendants claim that plaintiff's misconduct was materially different from the conduct of the PCAs whom plaintiff identified because they — unlike plaintiff — did not direct offensive language at residents. Plaintiff does not provide evidence negating this difference in conduct. Furthermore, it is not plaintiff who determines the relative seriousness of conduct; rather, defendants are entitled to determine what conduct, given the business in which they are involved, warrants termination. *See, e.g., Strycharz* v. *Verizon*, 2002 WL 31856820, at \*3 (S.D.N.Y. 2002) ("That [defendant] did not fire some people who engaged in other kinds of misconduct \*\*\* does not affect the analysis. \*\*\* [F]ederal anti-discrimination laws do not require [defendant] to agree with [plaintiff's] assessment of the relative seriousness of various violations of company policy."); *Aguirre* v. *N.Y. State*

*Police*, 156 F. Supp. 2d 305, 320 (S.D.N.Y. 2001) (holding that the plaintiffs had not shown that the allegedly similarly situated officers had engaged in conduct similar to that in which plaintiffs had engaged — to wit, a violent altercation with local uniformed police in a public place — because "[w]hile each of the white officers ∗∗∗ may have brought discredit to the New York State Police, none of them created a comparable level of friction between state troopers and a local police department"). Defendants are in the assisted living and nursing home business. It is certainly reasonable for defendants to view misconduct offending residents as more serious than misconduct offending other employees.

Plaintiff maintains that there is an inference of discrimination because defendants hired four younger PCA's shortly after plaintiff stopped working at The Courtyards. The fact that a protected employee is terminated and subsequently replaced by a younger employee can raise a *prima facie* case for discrimination. *Montana* v. *First Fed. Sav. & Loan Ass'n of Rochester*, 869 F.2d 100, 105 (2d Cir. 1989). "However, the inference of discrimination is much weaker where the plaintiff employee is well within the protected class when first hired." *O'Connor* v. *Viacom Inc.*, 1996 WL 194299, at *7 (S.D.N.Y. 1996), *aff'd*, 104 F.3d 356 (2d Cir. 1996); *Melnyk* v. *Adria Labs.*, 799 F. Supp. 301, 319 (W.D.N.Y. 1992) ("[I]t is difficult to justify a conclusion of age discrimination when [an employer] hired [plaintiff] just one year prior to her entry into the protected class."). Plaintiff was 60 years old — well within the protected class — when hired by defendants and,

as such, an inference of discrimination is not warranted.  Plaintiff therefore cannot

establish a *prima facie* case of age discrimination and defendants' Motion will be

granted.

Assuming *arguendo* that plaintiff can meet her *prima facie* burden,

defendants have proffered a legitimate, non-discriminatory reason for terminating

plaintiff — *viz.*, plaintiff's offensive comment toward Bozeman.  Defendants'

evidence need not persuade the Court that they were actually motivated by the

proffered reason, but only that there is a genuine issue of material fact as to

whether they discriminated against plaintiff. *Burdine*, at 254-255.  Such has been

met by defendants.

The burden now shifts back to plaintiff to show that defendants' reason is

a pretext.  Plaintiff tries to do so by claiming that she never made the comment.

She does not, however, contest that a complaint regarding her comment was

made and confirmed.  It is undisputed that defendants received and confirmed a

report that plaintiff had told Bozeman that she "smelled like a French hooker" and

that Bozeman was upset by the remark.  Bozeman, who was known to be

mentally alert and aware, confirmed this report in her January 16, 2004

deposition.  Also undisputed are the facts that O'Sullivan reported the incident

to Friedman and that O'Sullivan's report was confirmed to Friedman by another

employee at The Courtyards.  Whether defendants are wrong in their belief that

plaintiff made the comment is irrelevant because defendants claim that they

based their decision to terminate plaintiff on the belief that plaintiff made the comment and not on her age.  *See, e.g., Cruz* v. *Coach Stores, Inc.*, 202 F.3d 560, 568 (2d Cir. 2000) ("[E]ven if [plaintiff] herself believed that she was acting in self-defense, she has produced no evidence showing that [her employer] believed that to be the case.  She therefore has failed to demonstrate that [her employer] viewed the altercation as anything other than an 'assault' within the meaning of the company's prohibition."); *Agugliaro* v. *Brooks Bros., Inc.*, 927 F. Supp. 741, 744-745 (S.D.N.Y. 1996) (although plaintiff denied the alleged misconduct, the court held that, "[e]ven assuming defendants were wrong in their belief that plaintiff had engaged in sexual misconduct, what is significant is that they based their decision to dismiss plaintiff on that belief, and not on his age, gender or pension status").

Plaintiff also claims that defendants' reason is a pretext because Friedman did not like her and wanted an excuse to fire her.  Not getting along with her supervisor or a claim that her supervisor does not like her — whether or not because of age — does not show pretext.  *See, e.g., Burroughs* v. *Chase Manhattan Bank, N.A.*, 2005 WL 497790, at *5 (S.D.N.Y. 2005).  Plaintiff, therefore, cannot show that defendants' proffered reason is a pretext for discrimination.

It is accordingly hereby **ORDERED** that defendants' Motion for Summary Judgment is granted, that plaintiff's claims are dismissed and that the Clerk of the Court shall close this case.

DATED:     Buffalo, N.Y.

September 8, 2005

_/s/ John T. Elfvin_
JOHN T. ELFVIN
S.U.S.D.J.